IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CANDACE MOODIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-23-00072-JD |
| ) | |
| SAM'S EAST, INC., and JOHN DOE, ) | |
| individually, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiff Candace Moodie's Motion to Remand to State Court ("Motion") [Doc. No. 9]. Defendant Sam's East Inc. ("Sam's") responded in opposition [Doc. No. 11]. The parties conferred, and the Motion remains in dispute. [Doc. No. 16].

Sam's removed this case pursuant to 28 U.S.C. § 1441 based on diversity of citizenship under 28 U.S.C. § 1332. Sam's asserts it is an Arkansas corporation and "a wholly-owned subsidiary of Walmart, Inc., a Delaware corporation with its principal place of business in Bentonville, Arkansas." [Doc. No. 1] ¶ 4. Sam's further alleges that Plaintiff is a citizen of the State of Oklahoma. *Id.* ¶ 3. Finally, Sam's alleges that the amount in controversy exceeds $75,000.00, *id.* ¶ 5, and Plaintiff does not dispute otherwise.

Plaintiff's sole contention is that she believes that Defendant John Doe, whose identity has yet to be discovered by Plaintiff, will also be a citizen of Oklahoma, thus destroying complete diversity. Motion at 1–2.

The removal statute, § 1441, answers the question here. "In determining whether a

civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). The Court must therefore disregard the presence of Defendant John Doe in determining whether there is complete diversity between the parties. *See McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008) ("Under the federal removal statutes the presence of 'John Doe' defendants at the commencement of an action creates no impediment to removal."). Plaintiff and Sam's are citizens of different states, and no party disputes that the amount in controversy exceeds $75,000.00.

At this point, there is complete diversity among the parties, and the amount in controversy requirement is satisfied.[1] Removal is therefore proper. Plaintiff has identified no basis for remand.

IT IS THEREFORE ORDERED that Plaintiff Candace Moodie's Motion to Remand to State Court [Doc. No. 9] is DENIED.

IT IS SO ORDERED this 3rd day of July 2023.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[1] Defendant John Doe's citizenship, however, may ultimately destroy complete diversity. "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). *See also McPhail*, 529 F.3d at 951–52. The Court encourages the parties to make all reasonable efforts to discover the citizenship of Defendant John Doe before committing significant resources to the other aspects of this case. If issues of joinder and subject matter jurisdiction require further motion practice before the Court, the parties shall also then analyze whether the Court would nonetheless have jurisdiction under 28 U.S.C. § 1331 as contended by Sam's.