IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CANDACE MOODIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-23-00072-JD |
| | ) |
| SAM'S EAST, INC., and JOHN DOE, individually, | ) |
| | ) |
| Defendants. | ) |

## ORDER OF DISMISSAL

On October 20, 2023, the Court ordered Plaintiff to enter her appearance pro se or retain new counsel on her behalf in this action by November 20, 2023. *See* Order [Doc. No. 25]. The Court warned Plaintiff that failure to comply with the Order and with the Federal Rules of Civil Procedure and Local Civil Rules may result in the dismissal of this action without prejudice to refiling. The Court also cautioned Plaintiff that if she sought to extend the November 20, 2023 deadline, she must file a motion in advance of the deadline satisfying the required legal standards. *See* Order at 1–2.

To date, Plaintiff has not complied with the Court's Order to enter her appearance pro se or retain new counsel to enter appearance on her behalf in this action. Nor has Plaintiff sought any extension of time to comply with the Court's Order or filed anything further in prosecution of this action.

Consequently, the Court DISMISSES Plaintiff's action WITHOUT PREJUDICE for failure to comply with the Court's Order and failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (discussing the inherent power of a court to

dismiss actions for lack of prosecution); *Olsen v. Mapes*, 333 F.3d 1199, 1204 & n.3 (10th Cir. 2003) (even without a motion, a district court may *sua sponte* dismiss an action "if the plaintiff fails to comply with [the Federal Rules of Civil Procedure] or any order of court"); *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (dismissal appropriate where party neglects their case or refuses to obey court orders); *see also* Fed. R. Civ. P. 41(b).[1]

IT IS SO ORDERED this 29th day of November 2023.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[1] Before dismissing a case *with prejudice*, "a court should ordinarily consider a number of factors," including whether the party was warned, the amount of interference with the judicial process, and the relative degrees of culpability and prejudice. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted). Here, the Court need not analyze any *Ehrenhaus* factors because the dismissal is without prejudice. *See Arocho v. United States*, 502 F. App'x 730, 732 (10th Cir. 2012) (unpublished) ("When the dismissal is without prejudice, however, consideration of the *Ehrenhaus* factors is not required.") (citing *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs.*, 552 F.3d 1233, 1236 (10th Cir. 2009); *Nasious v. Two Unknown B.I.C.E. Agents, Arapahoe Cnty. Justice*, 492 F.3d 1158, 1162 (10th Cir. 2007)). The Tenth Circuit has "consistently interpreted Rule 41(b) 'to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute.'" *Huggins v. Supreme Ct. of the U.S.*, 480 F. App'x 915, 916–17 (10th Cir. 2012) (unpublished) (quoting *Olsen*, 333 F.3d at 1204 n.3); *see also United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) ("[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules.").